IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DERRICK BARNES, : | |
| : | |
| Plaintiff : | |
| : | No. 1:16-CV-00500 |
| vs. : | |
| : | (Judge Rambo) |
| SYLVIA MORRIS, et al., : | |
| : | |
| Defendants : | |

**MEMORANDUM**

Presently before the Court for consideration is Plaintiff's Bill of Costs in which he seeks to recover the amount of the filing fees expended in initiating this matter. (Doc. No. 41.) Defendants have filed a response opposing Plaintiff's Bill of Costs. (Doc. No. 42.) This matter is ripe for review.

**I.   Background**

On March 23, 2016, Plaintiff Derrick Barnes, an inmate currently confined at the State Correctional Institution at Benner Township, Bellefonte, Pennsylvania ("SCI-Benner"), filed a complaint pursuant to 42 U.S.C. § 1983 against nine Defendants, including several individuals employed at SCI-Smithfield. (Doc. No. 1.) On February 17, 2017, Defendants filed an answer to the complaint. (Doc. No. 23.) On October 11, 2017, pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(ii),[1] the parties agreed to a stipulated dismissal of this action with prejudice. (Doc. No. 39.) On October 16, 2017, the Court entered an Order confirming the stipulation. (Doc. No. 40.) Thereafter, on November 17, 2017, Plaintiff filed a Bill of Costs (Doc. No. 41), to which Defendants filed a response in opposition. (Doc. No. 42). Plaintiff subsequently filed a reply on December 8, 2017. (Doc. No. 44.)

Plaintiff argues that he is entitled to recover the amount of the filing fees expended in initiating this matter. (Doc. No. 41, 44.) Defendants contend that the terms of the Settlement Agreement and Release ("Agreement") entered willingly between the parties encompasses the sum total of the consideration Plaintiff is to receive, and therefore, there is no basis for the Bill of Costs. (Doc. No. 43.)

## II. Discussion

Rule 54(d)(1) provides that the losing party to an action shall reimburse the prevailing party for the latter's costs, other than attorney fees, unless the court decides otherwise. Fed.R.Civ.P. 54(d)(1). The issue presently before the Court is, however, whether Plaintiff constitutes a "prevailing party," when the parties stipulated to dismissing this matter with prejudice, pursuant to Rule

---

[1] Rule 41(a)(1) provides for the voluntary dismissal of an action without a Court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed.R.Civ.P. 41(a)(1)(A).

41(a)(1)(A)(ii).  See Smalley v. Account Services Collections, Inc., No. 2:15-cv-1488, 2017 WL 1092678, at *1 (W.D. Pa. Mar. 23, 2017).

When parties stipulate to a dismissal pursuant to Rule 41(a)(1)(A)(ii), there is no entry of judgment by the Court.  The parties have an absolute right to a dismissal by stipulation, and thus the Court's role in resolving the matter is minimal.  8 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 41.34 (2005).  The stipulation must be filed in court, but does not require a court order.  Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995); 8 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE – CIVIL § 41.34(2).  A "voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) … is immediately self-executing.  No separate entry or order is required to effectuate the dismissal."  State Nat'l Ins. Co. v. Cty. of Camden, 824 F.3d 399, 407 (3d Cir. 2016).

The Supreme Court, in Buckhannon Bd. and Care Home, Inc., et al. v. West Virginia Dep't of Health and Human Res., 532 U.S. 593 (2001), explained that "a prevailing party is one who has been awarded some relief by the court."  Id. at 603.  The Court emphasized the need for a "judicial *imprimatur*" or "*judicial* relief."  Id. at 605-06 (emphasis original).  Thus, Buckhannon requires some role of the Court in the resolution of an action in order to judicially determine who prevailed in that action.  "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by lawsuit," is not enough.  Id.

3

at 605.  Likewise, "[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees" and are thus not sufficient.  Id. at 604 n.7; Smalley, 2017 WL 1092678 at *1.

While the Third Circuit Court of Appeals has not addressed whether a party can be considered a "prevailing party" upon stipulating to a dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), several district courts in this circuit have held that voluntary dismissals are not sufficient to confer "prevailing-party" status because they do not require "judicial intervention or relief."  Smalley, 2017 WL 1092678 at *2 (collecting cases).  Moreover, while a dismissal with "prejudice" under Rule 41(a)(1)(A)(ii) may effect a change in the legal relationship of the parties, it is still insufficient to confer "prevailing-party" status because it is not a "court-ordered change."  Bryant v. MV Transp., Inc., 231 F.R.D. 480, 481 (E.D. Va. 2005).

Here, the parties stipulated to dismiss this case.  Their stipulation did not require the Court's approval.  Once the stipulation was filed, the case ended.  The fact that the Court subsequently entered an order confirming the stipulation does not change that.  See Smalley, 2017 WL 1092678 at *3.  Moreover, it did not alter the legal relationship of the parties.  Id.  To the extent the parties' legal relationship has been altered, it was by their own agreement and not by any action of this Court.  Id.; Bryant, 231 F.R.D. at 482 n.5.  "Because a stipulation of dismissal does

4

not result in a judgment or judicially sanctioned relief, on which Buckhannon premises 'prevailing party' status, it follows that a defendant dismissed pursuant to a stipulation of dismissal is not a 'prevailing party.'" Malibu Media, 152 F. Supp. 3d at 501. Accordingly, Plaintiff cannot be considered a "prevailing party" in this case and his Bill of Costs must be denied.

Moreover, the Court finds merit in Defendants' argument that the Agreement entered into between the parties "encompasses the sum total of the consideration that Plaintiff is to receive." (Doc. No. 42 at 2.) Specifically, paragraph 1 of the Agreement provides:

> In consideration of the parties' agreement and obligation contained in this Agreement, the Department agrees to pay Barnes the sum of Two Thousand Five Hundred Dollars ($2,500.00). Said monies represent the liquidation in full, of all Barnes' claims against the Department, arising out of or related to the matters described in the complaint at Docket No. 1:16-cv-00500 in the United States District Court for the Middle District of Pennsylvania, including all claims for monetarily compensable damages for emotional injury, physical injury, medical injury and attendant pain and suffering, **and the liquidation in full of all claims for attorney fees and costs resulting from this action.** Barnes shall receive no consideration other than that which the Department has agreed to provide herein.

(Doc. No. 42 at 2; Ex. A at 1) (emphasis added).

Here, the Agreement specifically sets forth that the consideration includes "all claims for attorney fees and costs resulting from this action." (Id.)

Accordingly, the Court does not find that this Agreement is "silent on costs" as averred by Plaintiff. (Doc. No. 44.) Consequently, Plaintiff has received all the consideration he has agreed to and is not entitled to recover the amount of the filings fees expended in initiating this matter.

### III. Conclusion

For the foregoing reasons, Plaintiff's Bill of Costs will be denied. An appropriate Order follows.

    s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 9, 2018